# CIRCUIT COURT OF THE CITY OF RICHMOND

Residents Involved In Saving
The Environment, Inc., et al.

v.

Commonwealth of Virginia,
Department of Environmental Quality

January 31, 1994

Case No. HD-822-1

BY JUDGE MELVIN R. HUGHES, JR.

This case, an appeal of an administrative decision awarding a landfill permit to Browning-Ferris Industries (BFI), is before the Court again, this time on BFI's Amended Motion to Change Venue. Earlier, the Court granted BFI's Petition to Intervene. The present motion seeks to transfer the case to the Circuit Court of King and Queen County where the landfill is located and currently operating.

BFI received the landfill permit from the Virginia Department of Environmental Quality (DEQ), the appellee. From that decision, the appellants, Residents Involved In Saving The Environment, Inc. (RISE), a nonprofit corporation, a church and several individual citizens (collectively RISE) appeal under the Virginia Administrative Process Act, § 9.16.14:16, et seq., Code of Virginia of 1950, as amended (the Act). RISE claims, among other things, that the landfill presents an intolerable environmental and health hazard.

When BFI lodged its Petition to Intervene, it also filed a Motion to Change Venue. The motion is based on § 9–6.14:5, the section governing venue under the Act. That section requires that in all court proceedings under § 9–6.14:16, venue shall be under § 8.01–261(1), the preferred venue section. Under § 8.01–261(1), venue for appeals from state administrative decisions, when the Commonwealth is not the moving party, lies (1) where the appealing party resides, (2) where

that party may regularly or systemically conduct business or affairs, or (3) where the property affected by the administrative decision is located. BFI argues that now that it is a party as defined under the Act, its consent to venue in a place other than those set out in § 8.01-261(1) is required. *See* § 9–6.14:5. Without consent to venue in Richmond, BFI contends it can object to venue here. RISE objects on the ground that an intervenor must accept the case as it is situated when the intervention is allowed. RISE also says that the case should remain in Richmond for reasons of *forum non conveniens.*

There has been a question in the Court's mind whether an intervenor can object to venue. The Court decides that in this case, the intervenor cannot. Under Rule 2:15, the rule governing intervention "[a] new party may by petition filed by leave of court assert any claim or defense germane to the subject matter of the suit." Here, while BFI's position is more akin to a party asserting a defense than a claim and thus is in a defensive posture as a defendant would be, Rule 2:15 goes on to state that as to the petitioner, the rules applicable to bills and subpoenas apply and as to the parties, the rules applicable to defendants apply. This puts BFI in the position of plaintiff and the parties as defendants who would file responsive pleadings.

A defendant must move to change venue within twenty-one days of service of process or within the time of extension for filing responsive pleadings. *See* § 8.01–264. Since the original defendant, DEQ, failed to object to venue, that motion is lost to the case because there is no other party defendant, including BFI as intervenor, present in the case to object to venue under the terms of § 8.01–264. The authority BFI relies on to allow it to object to venue, § 9–6.14:5, makes no mention of a time for a party defendant to object. Section 8.01–264 does and there has been no timely objection made. Accordingly, the objection has been waived, and BFI as intervenor is not in a position to assert an objection to venue.